(91 App. Div. 372.)

### ODENDALL v. HAEBLER et al.

(Supreme Court, Appellate Division, First Department. February 11, 1904.)

1. APPEAL UPON CASE—FILING OF PRINTED PAPERS—NECESSITY OF ORDER.

Code Civ. Proc. § 1353, prescribes on what papers an appeal either from a judgment, interlocutory judgment, or order shall be heard, mentioning in the instance of appeals from judgments "the case or notice of exceptions, if any, filed as prescribed * * * after the entry of the judgment, and either before or after the appeal is taken." It then provides that, unless the Appellate Division shall in a special case otherwise direct, before an appeal shall be placed on the calendar the appellant shall file with the clerk of the Appellate Division the case and exceptions; etc., on which the appeal is to be heard, printed as required by the rules of practice; and "in case the appeal is from a judgment the printed case and exceptions must be ordered filed by the justice or referee before whom the case was tried." *Held* that, before an appeal founded upon a case prepared and settled can be heard in the Appellate Division, the judge trying the case should order the printed papers to be filed with the clerk of the Appellate Division.

Appeal from Special Term.

Action by Anton Odendall against Theodore Haebler and another. From a judgment for plaintiff, defendants appeal. On motion for an order directing the clerk to file the case on appeal. Denied.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Robert B. Honeyman, for appellants.

PER CURIAM. It was the plain intention of section 1353 of the Code to require, where an appeal is based upon a case, that before the

appeal can be heard in the Appellate Division the judge trying the case should order the printed papers on file. It is true that the language of the last clause of the section refers strictly to cases of appeals from judgments only, but, in view of the general character of the legislation, and of the fact that all the reasons which suggest the propriety of the judge directing the filing of the printed papers in the case of an appeal from a judgment apply with equal force to all the instances in which the appeal is founded upon a case prepared and settled, it is evident that the intention was that in all such cases the judge who tried the case should direct the printed papers to be filed with the clerk of the Appellate Division.

The motion should therefore be denied.